Joseph F. Hawkins, J.
The relator, presently confined in Matteawan State Hospital, in support of his application for a writ of habeas corpus, urges the following: the burden of proof as to petitioner’s continued incompetency is upon the respondent; section 34 of the Mental Hygiene Law permits the patient’s transfer from Matteawan State Hospital, if he is “ reasonably safe to be at large this court’s power to direct the transfer of patients from Matteawan to hospitals supervised by the Department of Mental Hygiene; the disqualification of the psychiatrists of the Matteawan State Hospital to testify as to the suitability of transfer from Matteawan to a “ civil” hospital; and, in any event, that the court should invoke its powers pursuant to section 32 of the Judiciary Law to appoint “ an independent psychiatrist ” to examine petitioner and report to the court.
We confine our opinion to matters which we regard of substance and which, we might note, are presented by petitioner’s counsel with considerable cogency.
Firstly, we consider section 32 of the Judiciary Law, which reads in its entirely: “ § 32. Examining physicians. In a criminal action or proceeding or in a special proceeding instituted by the state writ of habeas corpus or certiorari to inquire into the cause of detention, in which the soundness of mind of a person is in issue, the court in which or the judge or justice *146 before whom the action or special proceeding is pending may appoint not more than three disinterested competent physicians to examine such person as to his soundness of mind at the time of the examination. Any such examining physician may be sworn as a witness at the instance of any party to the action or proceeding. The compensation of such examining physician for making such examination and testifying, when certified by the presiding judge or justice of the court or judge or justice making the appointment, shall be paid out of any funds available for the payment of and in the same manner as other court expenses.” (Italics supplied.) Although not determinative of the validity of the petitioner’s argument, it is, nevertheless, significant that there appear to be no decisions construing this statute. The petitioner, unable to cite any authority, confines himself to quoting from a memorandum which petitioner’s counsel has submitted in support of his proposal to the New York State Legislature to amend section 32, which proposed amendment would make mandatory the present permissive powers contained in the statute.
Basically, the contention is that Gideon v. Wainwright (372 U. S. 335) compels ordering so-called “ independent ” psychiatric examinations. Apart from being presumptuous, it requires a prescience much beyond our competence to anticipate what ultimate extensions and limitations the United States Supreme Court will accord to Gideon (supra). Having unfurled the banner of Gideon, that opinion must be considered in the context of the issue at bar. The holding of Gideon, as we construe it, is merely and simply that a defendant charged with a crime of felony grade is entitled to adequate legal counsel at all stages of the prosecution.
The rationale is stated as (p. 344): “ reason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him. This seems to us to be an obvious truth. ’ ’
Since the submission of petitioner’s brief, the Court of Appeals in People v. Witenski (15 N Y 2d 392) had occasion to consider Gideon. Under rather special circumstances, that court held it applicable to a misdemeanor. The defendants, all infants, were jailed after pleading guilty to stealing “ a half bushel of apples ” worth “ about $2.”. They were held not to have waived their constitutional rights when they responded negatively to the Justice of the Peace’s “ bare statement to an ignorant teenager that he is 1 entitled to the aid of counsel in every stage ’ plus an offer to send a message to a lawyer to be named by the defend *147 ant ” (p. 395). Despite the unusually compelling facts, the close 4-3 reversal by the Court of Appeals in People v. Witenski (supra) reveals, in our opinion, that our highest court is not presently inclined drastically to extend Gideon. Surely, our lower courts should be equally circumspect and modest in creating new law.
The basic fallacy of petitioner’s argument, is to equate a habeas corpus proceeding with the traditional prosecution or adversary proceeding. The psychiatrists at Matteawan — as elsewhere — employ a special language or psychiatric jargon which frequently is rather jarring to laymen. Whatever we may think of psychoanalysis, the Oedipus complex or the relative merits of Freud as against Jung, the fact remains that these psychiatrists are not testifying for the “prosecution”, or as “ experts ” for or against a litigant, or as partisans.
We are not deterred from holding to the contrary on the anticipatory invidious basis that it would cost the taxpayers money to provide independent psychiatrists; nor do we feel that the psychiatrists or the respondent Superintendent of Matteawan State Hospital have a vested or pecuniary interest in the continued detention of any inmate whose medical progress warrants transfer. The petitioner’s counsel, we believe, is well advised to continue seeking redress from the Legislature and that this radical departure from the accepted practice is a matter best left for legislative determination.
It should be further noted that the instant application is not one of novel impression. The very issue was raised before our learned colleague, Mr. Justice Leonard J. Supple, who, on January 6, 1965, in an opinion involving the very petitioner herein, held in referring to section 32 of the Judiciary Law that: “ the language of the statute is permissive, whereas the relators contend that constitutional mandates convert the permissive language of section 32 to mandatory language. With this contention the court does not agree.”
We are not unduly concerned as to whether or not section 34 of the Mental Hygiene Law is properly invoked by way of an article 78 proceeding or, in the instant matter, by habeas corpus. We prefer to deal with the substantive and substantial issue as to who is to determine that the patient is “no longer dangerous to safety whereupon he may be released ’ ’. It is, of course, basic to any application for a writ of habeas corpus that the issue to be resolved is whether or not the petitioner is being lawfully detained. There is no question in the instant proceeding that the initial and continuing detentions are lawful. If a transfer is to be ordered by this or any other court, it must be on the basis that *148 the testimony of the psychiatrists attached to the staff at Matteawan State Hospital is medically so untenable or so devoid of scientific substance that this court, as a matter of law, should overrule a medical judgment for which there is no basis in the record.
We have noted People ex rel. Aronson v. McNeill (19 A D 2d 731) in which that court held it was bound by the Court of Appeals’ determination in People ex rel. Monaco v. McNeill (299 N. Y. 605), also People v. Schildhaus (8 N Y 2d 33) which merely determined the priorities as between a writ of habeas corpus and an appeal pending in the Appellate Part of the Court of Special Sessions of the City of New York.
Petitioner lays much stress upon Matter of Negro v. Dickens (22 A D 2d 406). There, the relief sought was the dismissal of an indictment to the end that the patient could be transferred from Matteawan State Hospital to a hospital under the jurisdiction of the Department of Mental Hygiene. The quotation provided by the petitioner is taken out of context. It becomes comprehensible only upon a complete reading and analysis of that opinion, after which it becomes quite evident that it relates to an intramural dialogue as to where ultimate responsibility rested to order transfers from Matteawan to a civil hospital. In any event, the law applicable remains as stated by the Court of Appeals in People ex rel. Kamisaroff v. Johnston (13 N Y 2d 66, 71): “ The State maintains a large number of mental hospitals and it is up to the Legislature to decide what type of patients are to be confined in each.”
For the foregoing reasons, petitioner’s writ is dismissed and the petitioner is remanded to the custody of the respondent, the Superintendent of Matteawan State Hospital.